IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**RICKEY BROWN**                                                                                                                **PLAINTIFF**
**ADC #083257**

v.                                     Case No. 3:23-cv-00036-KGB

**CODY LADDNER, Deputy, Craighead,**
**County Sheriff's Office,** *et al.*                                                            **DEFENDANTS**

## ORDER

Plaintiff Rickey Brown, an inmate at the Tallahatchie County Correctional Facility in Tutwiler, Mississippi, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against Craighead County, Arkansas, Sheriff's Deputies Cody Laddner, Taylor Igleheart, and Jason Allen, as well as Drug Task Force Officer Chris Lane (Dkt. No. 2). Mr. Brown also filed a motion for leave to proceed *in forma pauperis* (Dkt. No. 4), which the Court granted (Dkt. No. 15). Upon screening Mr. Brown's pleadings pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915A, ("PLRA") the Court found that Mr. Brown's allegations failed to state a claim on which relief may be granted (Dkt. No. 15). The Court offered Mr. Brown the opportunity to file a second amended complaint to cure the defects in his pleading (Dkt. Nos. 15; 18). Mr. Brown has filed a second amended complaint (the "operative complaint") (Dkt. No. 19). The Court will continue screening Mr. Brown's claims under the PLRA.

    I.    **Mr. Brown's Operative Complaint**

The only defendants named by Mr. Brown in his operative complaint are Deputies Cody Laddner and Taylor Igleheart (Dkt. No. 19, at 1-2). He sues both defendants in their personal and official capacities seeking damages (*Id.*, at 2, 8).

Mr. Brown's claims in the operative complaint arise from defendants' allegedly unlawful actions on January 6, 2021, April 6, 2021, July 15, 2021, and August 20, 2021 (*Id.*, at 5-7).  Mr. Brown claims that on January 6, 2021, Deputies Laddner and Igleheart and certain officers who are not parties to this action entered Mr. Brown's home and arrested him without a warrant (*Id.*, at 5).  Mr. Brown contends that on April 6, 2021, Deputies Laddner and Igleheart and non-defendant officers returned to Mr. Brown's home (*Id.*).  Mr. Brown states that he was sitting on the edge of his bathtub when Deputy Igleheart told him to stand, grabbed him by his arm, threw him to the ground, punched him in the face and head, and kneed him in the groin (*Id.*).  Mr. Brown maintains that he was placed in restraints, and Deputy Laddner took him outside where they had a verbal altercation (*Id.*).

Mr. Brown asserts that Deputy Laddner kicked his feet out from underneath him while he was in restraints and then that Deputy Laddner placed Mr. Brown in Deputy Laddner's vehicle and drove Mr. Brown to the Craighead County Jail (*Id.*).  From there, Mr. Brown asserts that he was taken to St. Bernard's hospital where he was treated for a cut on his head and a fractured jaw (*Id.*).  Mr. Brown states that he was returned to the jail, spent the weekend there, and then bonded out (*Id.*, at 6).

According to Mr. Brown, "Defendant Officers" came to Mr. Brown's house on July 15, 2021, and tried to get Mr. Brown to come outside (*Id.*).  Mr. Brown contends that he called 911 twice to get the officers to leave, and they eventually left Mr. Brown's property (*Id.*).

Mr. Brown contends that on August 20, 2024, Deputy Laddner, Deputy Igleheart, and others entered his home without a warrant and arrested Mr. Brown's brother, wife, and friend (*Id.*). Mr. Brown maintains that, after searching his home, Deputies Laddner and Igleheart left (*Id.*, at 7).

Mr. Brown seeks damages in the amount of $500,000.00 (*Id*., at 8).

## II.   Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The *in forma pauperis* statute also imposes these standards for dismissal. 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing the sufficiency of a *pro se* complaint under the Court's screening function, the Court must give the complaint the benefit of a liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Court also must weigh all factual allegations in favor of the plaintiff unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Although *pro se* complaints are to be liberally construed, the complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.   Discussion

### A.   Personal Capacity Claims

Mr. Brown filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. To state a claim for relief under § 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally-protected statutory right. *American Mfrs.*

3

*Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999).  "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).  "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).  Factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555.

### 1. Defendants Jason Allen And Chris Lane

In Mr. Brown's complaint, he named Craighead County Sheriff's Deputies Jason Allen and Chris Lane as defendants in addition to Deputies Laddner and Igleheart (Dkt. No. 2).  In Mr. Brown's amended complaint, he named Deputy Allen as a defendant in addition to Deputies Laddner and Igleheart (Dkt. No. 5).  In his operative complaint, Mr. Brown sues only Deputies Laddner and Igleheart.

Mr. Brown did not name as a defendant or make allegations of fact or make any claims against either Deputy Allen or Deputy Lane in his operative complaint (Dkt. No. 19).  Mr. Brown mentioned Deputy Allen in the explanation of his claim against Deputies Laddner and Igleheart, but Deputy Allen's actions did not rise to the level of a constitutional violation (*Id*., at 6).

When the Court offered Mr. Brown the opportunity to file a second amended complaint, the Court gave him several instructions including directing him to explain "who he is suing" (Dkt. Nos. 15; 18).  Even after receiving the Court's specific instructions, Mr. Brown did not include Deputies Allen or Lane as defendants in his operative complaint.  Because there is no indication from the face of Mr. Brown's operative complaint that Deputy Allen acted unlawfully, the Court considers Mr. Brown's description of Deputy Allen's behavior background information. The Court

finds that Mr. Brown in his operative complaint now pending has abandoned his claims against Deputies Allen and Lane and will dismiss Deputies Allen and Lane as parties to this action.

### 2. Warrantless Arrest Inside Home

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Warrantless searches and seizures within a home are presumptively unreasonable under the Fourth Amendment. *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006). "[A] warrantless arrest that occurs inside an individual's home is unconstitutional unless the officers demonstrate the existence of probable cause and exigent circumstances." *Gerling v. City of Hermann, Missouri*, 2 F.4th 737, 742 (8th Cir. 2021) (citing *Duncan v. Storie*, 869 F.2d 1100, 1102 (8th Cir. 1989)).

Mr. Brown alleges that Deputy Laddner, Deputy Igleheart, and other individuals who are not parties to this action entered Mr. Brown's home and arrested him without a warrant on January 6, 2021, and on April 6, 2021 (Dkt. No. 19, at 5). The Court construes these allegations as Fourth Amendment claims. The Court will serve these claims on Deputies Laddner and Igleheart.

Mr. Brown also alleges that on August 20, 2021, Deputies Laddner and Igleheart entered Mr. Brown's home without a warrant and arrested Mr. Brown's brother, sister-in-law, and friend (Dkt. No. 2, at 6-7). Mr. Brown was not home at the time (*Id.*, at 7). "[F]or a federal court to have authority under the Constitution to settle a dispute, the party before it must seek a remedy for a personal and tangible harm." *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013). *See also* 42 U.S.C. § 1983 (establishing liability to the party injured). To the extent Mr. Brown alleges that Deputies Laddner and Igleheart harmed Mr. Brown's brother, sister-in-law, and friend by arresting them in Mr. Brown's home without a warrant, Mr. Brown lacks standing to bring that claim. *See Hodak v. City of St. Peters*, 535 F.3d 899, 904 (8th Cir. 2008) ("As a general rule, a plaintiff may

only assert his own injury in fact and 'cannot rest his claim to relief on the legal rights or interests of third parties.'" (internal citation omitted)). Beyond that, litigants proceeding without the help of an attorney are not authorized to represent the rights, claims, and interests of other parties in any cause of action. *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others"). Because Mr. Brown may not bring claims on behalf of others, his allegations in connection with the arrest of his brother, sister-in-law, and friend fail to state a claim on behalf of Mr. Brown on which relief may be granted and will be dismissed.

### 3.     Warrantless Search Of A Home

Just like warrantless arrests in a home, warrantless searches of a home are presumptively unreasonable. *Shultz v. Buchanan*, 829 F.3d 943, 949 (8th Cir. 2016) (citing *Michigan v. Fisher*, 558 U.S. 45, 47 (2009)). Mr. Brown asserts Deputies Laddner and Igleheart conducted a warrantless search of his home on August 20, 2021. The Court will serve this claim on Deputies Laddner and Igleheart.

### 4.     Excessive Force

Courts use the Fourth Amendment's objective reasonableness standard to analyze claims of excessive force during an arrest. *Nance v. Sammis*, 586 F.3d 604, 609–10 (8th Cir. 2009) (citing *Graham v. Connor*, 490 U.S. 386, 388 (1989)). "The analysis 'requires careful attention to' several factors, including 'the severity of the crime at issue, whether the suspect pose[d] an immediate [safety] threat . . . and whether he [wa]s actively resisting arrest or attempting to evade arrest by flight.'" *Cartia v. Beeman*, 122 F.4th 1036, 1041 (8th Cir. 2024) (citing *Graham*, 490 U.S. 396, 396 (1989)).

According to Mr. Brown, Deputy Igleheart used excessive force against him during a warrantless arrest in Mr. Brown's home (Dkt. No. 19, at 5). Mr. Brown asserts that he was sitting on the edge of his bathtub when Deputy Igleheart grabbed his arm and punched him in the face and head and kneed him in the groin when he tried to pull his arm free (*Id.*). Mr. Brown also contends that Deputy Laddner kicked his feet out from underneath him while he was restrained and on the way to Deputy Laddner's police vehicle (*Id.*). The Court will serve Mr. Brown's excessive force claims against Deputies Igleheart and Laddner.

### 5. State Law Trespass

Mr. Brown asserts that on July 15, 2021, Deputies Laddner and Igleheart were unlawfully on his property beating on the windows of his home (Dkt. No. 19, at 6). This allegation does not rise to the level of a constitutional violation but does call into play the state law claim of trespass. *See Cross v. W. Waste Indus.*, 469 S.W.3d 820, 824-25 (Ark. Ct. App. 2015) ("Arkansas's law of trespass requires a physical invasion of a plaintiff s real property"). The Court may exercise jurisdiction over the state law trespass claim pursuant to 28 U.S.C. § 1367, but to succeed on a trespass claim under Arkansas law, a plaintiff must also establish damages. 469 S.W.3d at 824-25. In his pending operative complaint, Mr. Brown does not describe any damage purportedly caused by Deputies Laddner and Igleheart specifically when they entered his property on July 15, 2021, in order to succeed on his state law trespass claim. To the extent Mr. Brown raises a trespass claim, that claim fails, and it will be dismissed.

### B. Official Capacity Claims

Mr. Brown also sued Deputies Laddner and Igleheart in their official capacities. Mr. Brown's official capacity claims are the equivalent of claims against Craighead County. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).

7

A state or local government may not be sued under § 1983 on the theory of *respondeat superior*. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Rather, to establish municipal liability, Mr. Brown must identify a policy, practice, or custom, attributable to the municipality and show that the policy, practice, or custom directly caused his alleged constitutional injury. *See Davis v. White*, 794 F.3d 1008, 1014 (8th Cir. 2015) (finding plaintiff "failed to present evidence showing how the Police Department's allegedly poor record keeping directly caused his injury."). A municipality may also be liable for "failure to adopt or follow a needed policy or practice," and to make such a claim, "a plaintiff must show that his alleged injury was caused by municipal employees engaging in a widespread and persistent pattern of unconstitutional misconduct that municipal policymakers were either deliberately indifferent to or tacitly authorized." *Id.* (*citing Russell v. Hennepin Cnty.*, 420 F.3d 841, 949 (8th Cir. 2005)).

Mr. Brown's operative complaint does not allege that a policy, practice, or custom caused a constitutional injury or that his alleged injury was brought on by failure to adopt or follow a needed practice or policy. Accordingly, Mr. Brown has failed to state a claim against Deputies Laddner and Igleheart in their official capacities.

**IV.     Conclusion**

For the foregoing reasons, the Court orders as follows:

1. Mr. Brown's claims against Deputies Jason Allen and Chris Lane are dismissed without prejudice.

2. Mr. Brown's claims made on behalf of his brother, sister-in-law, and friend are dismissed without prejudice.

3. Mr. Brown's trespass claims are dismissed without prejudice.

4. Mr. Brown's official-capacity claims are dismissed without prejudice.

5.      Mr. Brown's unlawful arrest, unlawful search, and excessive force claims against Deputies Laddner and Igleheart in their personal capacities may proceed.

6.      The Clerk of the Court is directed to prepare summonses for defendants Cody Laddner and Taylor Igleheart.  The United States Marshal is directed to serve a copy of the operative complaint (Dkt. No. 19) and a summons on Deputy Cody Laddner and Deputy Taylor Igleheart without requiring prepayment of fees and costs or security.  Service for these defendants should be through the Craighead County Sheriff's Department, 901 Willet Road, Jonesboro, Arkansas 72401.

So ordered this 27th day of January, 2025.

*/s/ Kristine G. Baker*
Kristine G. Baker
Chief United States District Court Judge